UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTONIO L. GREEN,

    Plaintiff,

v.   Case No. 5:22-cv-302-TKW-MJF

S. BAKER, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Antonio L. Green, proceeding *pro se*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. Doc. 12. Upon review of the amended complaint, the undersigned recommends that this case be dismissed as malicious, pursuant to 28 U.S.C. § 1915A(b)(1), for Green's abuse of the judicial process in failing to disclose his litigation history completely and honestly.

### I. Background and Procedural History

Green is a Florida prisoner confined at the Apalachee Correctional Institution in Sneads, Florida. Green initiated this action on December 20, 2022, by filing a civil rights complaint. Doc. 1 at 16 in ECF. Green filed his amended complaint on May 3, 2023. Doc. 12 at 1.

Green's amended complaint names as Defendants four prison officials at Apalachee CI: Officer Baker, Captain Brown, Warden Maddox, and Assistant Warden Kent. Green claims that on February 19, 2022, Baker retaliated against him for filing grievances by ignoring Green's mother during visitation when she attempted to get someone's attention to use the restroom. Green claims that the remaining Defendants denied him due process by failing to preserve video and audio evidence of the incident. As relief, Green seeks punitive damages. Doc. 12.

## II.  DISCUSSION

### A.  Screening of Green's Complaint

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A.

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and

the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (dismissing action without prejudice as sanction for *pro se* prisoner's lying under penalty of perjury about the existence of a prior lawsuit), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (same); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012) (same); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same).

B.   **Green's Reponses to Questions on the Complaint Form**

In his amended complaint, Green provided answers to Section VIII of the civil rights complaint form, which requires him to disclose his litigation history. Doc. 12. Question VIII(A) of the complaint form asks, "Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?" Doc. 12 at 16 in ECF. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (A), Green marked "No" and disclosed no cases. *Id*. at 16.

Question VIII(B) of the complaint form asks, "Have you filed other lawsuits or appeals in **state or federal court** dealing with the same facts or issue involved in

this case?" Doc. 12 at 17. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), Green marked "No" and disclosed no cases. *Id*. at 17.

Question VIII(C) of the complaint form asks, "Have you filed any other lawsuit, habeas corpus petition, or appeal in ***state or federal court*** either challenging your conviction or relating to the conditions of your confinement?" Doc. 12 at 17. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), Green marked "Yes" and disclosed the following six federal cases:

- *Green v. McNeil*, No. 9:08cv80151 (S.D. Fla. 2008) (habeas petition);

- *Green v. McNeil*, No. 9:10cv80331 (S.D. Fla. 2010) (habeas petition);

- *Green v. Pineda*, No. 1:19cv22444 (S.D. Fla. 2019) (civil rights action);

- *Green v. Zuelke*, No. 3:20cv01204 (M.D. Fla. 2020) (civil rights action);

- *Green v. Dixon*, No. 9:22cv80855 (S.D. Fla. 2022) (habeas petition); and

- *Green v. Dixon*, No. 22-12601 (11th Cir. 2022) (application for leave to file second or successive habeas petition).

*Id*. at 18-19. Green disclosed no other cases.

At the end of the civil rights complaint form, Green signed his name after the following certification: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation

history, is true and correct." Doc. 12 at 19-20. Thus, Green has in effect stated that at the time he filed his amended complaint in this case, he had not filed any other lawsuit or appeal in federal court either challenging his conviction or relating to the conditions of his confinement.

## C. Green's Omissions

Pursuant to Federal Rule of Evidence 201, the court takes judicial notice that four months prior to Green filing his amended complaint in this case, he initiated another civil rights action in this District Court relating to the conditions of his confinement. Specifically, on December 21, 2022, Green filed a civil rights complaint claiming that twelve prison officials at Apalachee CI mistreated him after he declared a psychological emergency on March 13, 2022. *See Green v. Baker*, No. 5:22-cv-304-TKW-MJF (N.D. Fla. Dec. 27, 2022).[1]

In addition, in 2009, Green filed an appeal from the denial of his habeas petition in Case No. 9:08cv80151 that challenged his conviction. *See Green v. McNeil*, No. 09-10291-J (11th Cir. Jan. 13, 2009). *See* Attach. 1. Green's appeal was closed on March 23, 2009, upon the Eleventh Circuit denying a certificate of appealability. *See* Attach. 2.

---

[1] Green signed the complaint in Case No. 5:22-cv-304-TKW-MJF, on December 21, 2022. The complaint was docketed on December 27, 2022.

Green did not disclose the earlier-filed lawsuit and habeas appeal in his amended complaint.[2] The two cases fall squarely within the complaint form's disclosure requirements. The complaint form required Green to list all earlier-filed lawsuits or appeals that either challenged his conviction or related to the conditions of his confinement. Green's failure to disclose the prior federal cases violates his duty of candor to this court.

**D.**     **The Materiality of Green's Omissions**

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case.  All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Case No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *Epps*, 888 F.2d at

---

[2] Green did not disclose any litigation history in his initial complaint, which was not filed on the court form. *See* Doc. 1.

969. "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to disclose their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require *in forma pauperis* prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.* 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

Here, Green falsely responded to a question on the complaint form as detailed above. Green knew from reading the complaint form that disclosure of his earlier-filed lawsuit and appeal was required. The complaint form expressly warns prisoners:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution of you are uncertain whether a case should be identified.***

Doc. 12 at 15. A penalty is warranted both to deter Green from such conduct and to deter others from similar misrepresentations and material omissions concerning their litigation history. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to questions on the civil rights complaint form is conduct subject to sanctions by the court.").

E.  **The Appropriate Sanction is Dismissal Without Prejudice**

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Green's false response to go unpunished. *See Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) ("[T]he district court did not abuse its discretion in dismissing"

the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history").

If Green suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. An appropriate sanction for Green's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.[3] *See Rivera*, 144 F.3d at 731; *Redmon v. Lake Cnty. Sheriff's Off.*, 414 F. App'x 221, 225-26 (11th Cir. 2011) (holding that prisoner-plaintiff abused the judicial process—and that his amended complaint properly was dismissed as malicious—because complaint form clearly asked prisoner to disclose previously filed lawsuits yet prisoner failed to disclose a federal lawsuit he initiated after filing his initial complaint but before filing his amended complaint); *Wynn v. Postal Serv.*, 735 F. App'x 704, 705 (11th Cir. 2018) (affirming dismissal of *pro se* plaintiff's case for abuse of the judicial process after the plaintiff failed to disclose a prior federal

---

[3] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). A dismissal without prejudice will not preclude Green from refiling this action. Generally, the statute of limitations for claims under § 1983 of the type alleged by Green is four years. *See Stephenson*, 554 F. App'x at 838 ("The statute of limitations for § 1983 claims is governed by the forum state's residual personal injury statute of limitations, which in Florida is four years."). Green alleges that the incident giving rise to this claim occurred in February of 2022. Doc. 12 at 6.

case, where the case fell "squarely within the complaint form's disclosure requirements"); *Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) (same, where *pro se* prisoner-plaintiff failed to disclose a prior habeas case); *LeBarr v. Fla. Dep't of Corr.*, 2022 WL 3574689 (N.D. Fla. June 9, 2022) (same, where prisoner-plaintiff failed to disclose earlier-filed federal civil rights case that still was pending), *report and recommendation adopted*, 2022 WL 2438357 (N.D. Fla. July 5, 2022); *Garcia v. Wellpath Med.*, 2021 WL 2384571 (N.D. Fla. May 26, 2021) (same), *report and recommendation adopted*, 2021 WL 2383712 (N.D. Fla. June 10, 2021); *Faulk v. Pace*, 2020 WL 7318265 (N.D. Fla. Nov. 17, 2020) (same), *report and recommendation adopted*, 2020 WL 7318135 (N.D. Fla. Dec. 11, 2020).

No lesser sanction would suffice to deter this type of conduct. For example, providing Green an opportunity to amend his complaint to truthfully disclose his additional litigation would equate to overlooking his abuse of the judicial process, because that course of action would entail no penalty. *See Strickland*, 739 F. App'x at 588 ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources."); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006); *LeBarr*, 2022 WL 2438357, at *1 (citing multiple cases supporting this proposition).

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for maliciousness and abuse of the judicial process.

2. The clerk of the court be directed to enter judgment accordingly and close this case file.

At Panama City, Florida, this 17th day of May, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**