UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTONIO L. GREEN,

    Plaintiff,

v.                                         Case No. 5:22-cv-302-TKW/MJF

S. BAKER, et al.,

    Defendants.
_____/

**ORDER**

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 14) and Plaintiff's "motion for objections" (Doc. 18). The Court reviewed the issues raised in the objections de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3).

Based on that review, the Court agrees with the magistrate judge's ultimate determination that this case should be dismissed as malicious and an abuse of the judicial process based on Plaintiff's failure to completely disclose his litigation history.[1]  *See Burrell v. Moore*, 854 F. App'x 624 (11th Cir. 2021) ("An action is

---

[1] The Court disagrees with the magistrate judge's determination that Plaintiff's failure to disclose Case No. 3:22cv304 violates his duty of candor to the court because the complaint in that case was not signed and mailed until the day <u>after</u> the complaint in this case. However, that does not undermine the magistrate judge's recommendation because Plaintiff also failed to disclose another case.

malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury....").

The Court did not overlook Plaintiff's argument that he simply made an "honest mistake" by not fully disclosing his litigation history and that he should be allowed to file an amended complaint disclosing the omitted cases. That argument is unpersuasive because "allow[ing] [Plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process." *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006); *see also Wromas v. Cromartie*, 2022 WL 1450704, at *1 (N.D. Fla. May 9, 2022) (citing multiple cases for the proposition that "[t]he Court cannot simply allow [the prisoner] to file an amended complaint listing the omitted case because that would not be an adequate sanction or deterrent."); *Merritt v. Dep't of Corr.*, 2020 WL 6703794, at *1 (N.D. Fla. Nov. 13, 2020) (explaining that "allowing Plaintiff to amend his complaint at this point would amount to no penalty for his inexcusable failure to disclose his litigation history and would not serve as a deterrent to Plaintiff and others from falsely answering the questions on the civil rights complaint form"); *Easley v. Inch*, 2019 WL 3774617, at *2 n.2 (N.D. Fla. Aug. 12, 2019) (noting that "it would make a mockery of the judicial process if a plaintiff was allowed to wait until after the magistrate ruled to fully disclose his or her litigation history"). Moreover, as

Plaintiff acknowledges in his objections, he could have fully disclosed his litigation history if he had gotten a list of his prior cases from the other courts before filing this suit. *See Torres v. Geo Grp. Inc.*, 2021 WL 75764, at *1 (N.D. Fla. Jan. 8, 2021) (rejecting inmate's excuse that he simply "forgot" about a prior case because he had "an obligation to maintain information (or at least a list of case numbers) for all of his prior cases, and if he does not have that information, he can (and should) request it from the appropriate clerks' offices before filing a new case").

Accordingly, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order, except as noted above.

2. This case is **DISMISSED** without prejudice for maliciousness and abuse of the judicial process under 28 U.S.C. §§1915A(b)(1) and 1915(e)(2)(B)(i).

3. The Clerk shall enter judgment in accordance with this Order and close the case file.

**DONE and ORDERED** this 3rd day of July, 2023.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**